KELEHER v. PUTNAM & a.

At common law, a person's insanity justifies his arrest, without legal process, in a case of reasonable necessity.

TRESPASS, for assault and false imprisonment. Plea, the general issue, with a brief statement. The plaintiff kept a small

store in Manchester. Putnam, one of the defendants, was a coun-
ty commissioner. The evidence tended to show that the plaintiff
was afflicted with insane delusions, and disturbed her neighbors
and the inmates of the house where she boarded. Physicians ex-
amined her, and said she ought to be cared for. Complaint being
made to Putnam, he visited her, and, in answer to his inquiries,
she informed him she had friends in Lawrence, Mass., and re-
quested to be sent there.

He told her he would send a man with her. For that purpose
he employed Reed, the other defendant. who called at the plain-
tiff's store with a carriage, and told her he had come to take her
to Lawrence. She manifested a disposition not to go, and Reed
partly pushed and partly carried her into the carriage, which was
driven to the depot, where they entered a car and were taken to
Lawrence. There he delivered her to the city marshal, whom he
informed of the circumstances. The court instructed the jury that
if the p̶ ested Putnam to take her to Lawrence, or if
██ ngerous, or disturbing the neighborhood, and
 ██m the motive of placing her in the custody of
 ██he might be properly for, and not to rid
██ ██lic charge, the defen ot liab██ and
██ ██ed. Verdict for the d█

, for the plaintiff.

*pliff & O'Connor*, for the defendants.

INGHAM, J. A county commissioner has no █r
ane persons by virtue of his office. The right o ██-
erty is subject to some exceptions necessary to the el-
fare of society. At common law a private citizen, w war-
rant, may lawfully seize and detain another in certain cases. It
is justifiable to hold a man to restrain him from mischief. It is
lawful to interfere in an affray which endangers the lives of the
combatants. Other instances are enumerated in *Colby* v. *Jackson*,
12 N. H. 526. Under the right of self-defence it is lawful to seize
and restrain any person incapable of controlling his own actions,
whose being at large endangers the safety of others But this is
justifiable only when the urgency of the case demands immediate
intervention. The right to exercise this summary remedy has its
foundation in a reasonable necessity, and ceases with the necessity.
A dangerous maniac may be restrained temporarily until he can
be safely released, or can be arrested upon legal process, or com-
mitted to the asylum under legal authority. But not every insane
 . Nothing can be more harmless than some
of t██ er forms of insanity. Nor is it any justification that
the def█ █ants were actuated by a desire to promote the plaintiff's
welfare. The right of personal liberty is deemed too sacred to be

left to the determination of an irresponsible individual, however conscientious. The law gives these unfortunate persons the safe-guards of legal proceedings and the care of responsible guardians. *Davis* v. *Merrill*, 47 N. H. 208; 22 Monthly Law Rep. 385; 6 South. Law Rev. (N. S.) 568; 3 Am. Law Rev. 193; Ray Insan., *ss.* 614–619. The legislature has established appropriate forms of proceeding for ascertaining their mental condition, imposing upon them, under the supervision of public functionaries, the restraint necessary to protect them from the imposition of others, and sub-jecting them to such treatment as may restore their reason. If the plaintiff requested to be taken to Lawrence, she revoked the license by resisting the removal. The instructions given to the jury were erroneous. The question was, whether the plaintiff's removal was reasonably necessary under the circumstances of the case. Cooley Torts 176–179; Addison Torts, *c.* 12, *s.* 2.

*Verdict set aside.*

STANLEY, J., did not sit: the others concurred.